BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

*MULTI JUDICIAL PANEL ON DISTRICT LITIGATION*
*FILED*
*APR -4 1977*
*PATRICIA D. HOWARD*
*CLERK OF THE PANEL*

4/4/77

IN RE SOUTHERN PACIFIC TRANSPORTATION    )
COMPANY EMPLOYMENT PRACTICES LITIGATION )    DOCKET NO; 262

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL.

PER CURIAM

This litigation consists of sixteen actions pending in
two districts: fifteen in the Southern District of Texas,[1]
and one in the Western District of Texas.  Southern Pacific
Transportation Company is a defendant in each action, and
various labor unions are added as defendants in four of the
Southern District of Texas actions.  Plaintiffs allege that
defendants have violated Title VII of the Civil Rights Act
of 1964 by engaging in illegal employment practices.  The
complaints in the actions in the Southern District of Texas
basically allege that these discriminatory practices include
(1) failing and refusing to hire Black, Spanish-surnamed and
female employees for higher paying, more desirable jobs and
(2) adherence to discriminatory promotional, transfer and
seniority policies.  The complaint in the Western District of

---

[1]One of the actions now pending in the Southern District of
Texas had originally been filed in the Western District of
Louisiana.  Since the Panel hearing on this matter, that
action was transferred to the Southern District of Texas
pursuant to 28 U.S.C. §1404(a).

Texas action alleges that defendant Southern Pacific has
discriminated against Blacks and Mexican Americans by
maintaining unlawful employment practices in general and
unlawful hiring practices in particular.

Eleven of the fifteen actions pending in the Southern
District of Texas are purported class actions.  Eight of
these purported class actions are brought on behalf of past,
present and potential Black employees of Southern Pacific; [2]/
two are brought on behalf of past, present and potential
Spanish-surnamed American employees of Southern Pacific; and
plaintiff in one action purports to represent all past, present
and potential female employees of Southern Pacific.  In addition,
the Equal Employment Opportunity Commission (EEOC) has filed a
"pattern and practice" suit in the Southern District of Texas
alleging systematic discrimination by Southern Pacific based
upon race, national origin and sex at its facilities in Houston,
El Paso, San Antonio and New Orleans.  Finally, the action
pending in the Western District of Texas is brought on behalf
of a class composed of Black and Mexican American persons who
have applied for employment with Southern Pacific or who are
or might be employed by Southern Pacific.

Plaintiffs in two of the actions pending in the Southern
District of Texas move the Panel for an order transferring

_____

[2]/Plaintiffs in four of these actions have restricted the class
they seek to represent to past, present or potential Black
employees at Southern Pacific's Houston facility.  Plaintiff in
one of these four actions also purports to represent all Southern
Pacific employees who have been discriminated against because of
their age.

the Western District of Texas action to the Southern District
of Texas for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407 with the actions pending there.
The EEOC and plaintiffs in five other Southern District of
Texas actions join in the motion.  Only the defendant labor
unions oppose transfer.

We find that these actions raise common questions of
fact and that transfer of the Western District of Texas action
to the Southern District of Texas under Section 1407 will best
serve the convenience of the parties and witnesses and promote
the just and efficient conduct of this litigation. [3/]

The labor union defendants argue that the actions in
this litigation do not share common questions of fact.
Moreover, the unions contend, their interests would be unduly
prejudiced by transfer because they are parties to only four
of the actions pending in the Southern District of Texas and
are not involved in the action sought to be transferred to
that district.

These arguments are unpersuasive.  A comparison of the
complaint in the Western District of Texas action with the
complaints in the actions pending in the Southern District
of Texas reveals that these actions share many common questions
of fact concerning defendant Southern Pacific's hiring and

_____

[3/]The parties waived their right to oral argument  and, pur-
suant to Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975),
the question  of transfer under Section 1407 was submitted
for decision on the basis of the papers filed.

other employment practices.   Indeed, the allegations by the
EEOC encompass the allegations of all other plaintiffs in
this litigation.   Moreover, the purported classes in the
Western District of Texas action and in several of the
Southern District of Texas actions present the possibility
of conflicting class determinations.   Thus, transfer under
Section 1407 is necessary in order to prevent both duplication
of discovery and inconsistent pretrial rulings.   See In re
Ryder Truck Lines, Inc. Employment Practices Litigation, 405
F. Supp. 308, 309 (J.P.M.L. 1975).

   We note that no party to the Western District of Texas
action objects to its transfer to the Southern District of
Texas for coordinated or consolidated pretrial proceedings
with the actions pending there.   The actions that include
as defendants the labor unions, the only parties which oppose
the motion before us, would be pending in the Southern District
of Texas regardless of the transfer we are herewith ordering.
Since the degree and manner of coordination or consolidation
among the various actions is solely within the discretion of
the transferee judge, see In re Equity Funding Corporation of
America Securities Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L.
1974), any requests by the labor unions for individual treat-
ment should be presented to the transferee judge.   In any event,
we find that the labor unions' concern about Section 1407 pro-
ceedings prejudicing their interests is wholly without merit

because the very nature of coordinated or consolidated
pretrial proceedings under Section 1407 is to further  the
just and efficient conduct of the entire litigation.  See
In re National Airlines, Inc. Maternity Leave Practices and Flight
Attendant Weight Program Litigation, 300 F. Supp. 1405, 1407
(J.P.M.L. 1975).

The Southern District of Texas is clearly the most
appropriate transferee forum for this litigation.  Fifteen
of the sixteen actions are already pending in that district.
See In re Celotex Corp. "Technifoam" Products Liability
Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975).  And the action
containing the broadest allegations, the EEOC action, is one
of the actions already pending there.  See In re Piper Aircraft
Distribution System Antitrust Litigation, 405 F. Supp. 1402,
1404 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the action listed on the
following Schedule A and pending in the Western District of
Texas be, and the same hereby is, transferred to the Southern
District of Texas and, with the consent of that court,
assigned to the Honorable Woodrow B. Seals for coordinated
or consolidated pretrial proceedings pursuant to 28 U.S.C.
§1407 with the actions pending in that district and listed
on Schedule A.

SCHEDULE A                                          DOCKET NO. 262

## SOUTHERN DISTRICT OF TEXAS

V. L. Cross, etc. v. Southern Pacific          Civil Action
Transportation Co., et al.                     No. 73-H-1074

Clyde R. Morales, etc. v. Southern             Civil Action
Pacific Transportation Co.                     No. 74-H-700

Charlie Norton, etc. v. Southern               Civil Action
Pacific Transporation Co., et al.              No. 74-H-793

Johnny Mack Brown, etc. v. Southern            Civil Action
Pacific Transportation Co.                     No. 74-H-846

W. L. Jackson, etc. v. Southern Pacific        Civil Action
Transportation Co.                             No. 74-H-847

Herbert Milburn, etc. v. Southern              Civil Action
Pacific Transportation Co.                     No. 74-H-1611

Edward J. Smith v. Southern Pacific            Civil Action
Transportation Co., et al.                     No. 75-H-90

Lillian M. Griffin, etc. v. Southern           Civil Action
Pacific Transportation Co.                     No. 75-H-642

Equal Employment Opportunity Commission        Civil Action
v. Southern Pacific Transportation Co.,        No. 75-H-1227
et al.

Melvin A. Obey v. Southern Pacific Trans-      Civil Action
portation Co.                                  No. 75-H-1357

David Lozano, Jr. v. Southern Pacific          Civil Action
Transportation Co.                             No. 75-H-1789

John Boyd v. Southern Pacific Trans-           Civil  Action
portation Co.                                  No. 75-H-2197

Ricardo Diaz Barron, etc. v. Southern          Civil Action
Pacific Transportation Co.                     No. 76-H-224

Edward L. Downey, etc. v. Southern             Civil Action
Pacific Transportation Co.                     No. 76-H-804

Vincent Alexander v. Southern Pacific          Civil Action
Transportation Co., et al.                     No. 76-H-2105

## WESTERN DISTRICT OF TEXAS

Joseph A. Bristol, et al. v. Southern          Civil Action
Pacific Transportation Co.                     No. EP 75-CA-146

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -3 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

4/3/81

DOCKET NO. 262

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SOUTHERN PACIFIC TRANSPORTATION COMPANY EMPLOYMENT PRACTICES
LITIGATION

ORDER REASSIGNING LITIGATION

The actions involved in the above litigation have been
reassigned from Judge Woodrow B. Seals to Judge Ross N. Stirling
in accordance with the Local Rules for the United States District
Court for the Southern District of Texas.

IT IS THEREFORE ORDERED that the above-captioned litigation
be, and the same hereby is, reassigned to the Honorable Ross
N. Stirling for the remainder of the coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman